**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

```
_____
BOARD OF TRUSTEES, SHEET METAL      :
WORKERS' NATIONAL PENSION FUND,     :
8403 Arlington Boulevard, Suite 300 :
Fairfax, Virginia 22031             :
                                    :
         Plaintiff,                 :
                                    :
    v.                              :   Civil Action No.: _____
                                    :
LEADING WAY CONSTRUCTION CO., INC., :
42 Mechanic Street                  :
Milton, Massachusetts, 02186        :
                                    :
    Serve:                          :
    Gerry Grabert, Registered Agent :
    42 Mechanic Street              :
    Milton, Massachusetts, 02186,   :
                                    :
         Defendant.                 :
_____ :
```

**COMPLAINT**

(TO COLLECT WITHDRAWAL LIABILITY)

**Parties**

1.  Plaintiff Board of Trustees of the Sheet Metal Workers' National Pension Fund ("Fund" or "NPF") is the plan sponsor and administrator of a multiemployer employee pension benefit plan as those terms are defined in 29 U.S.C. §§ 1002(2), (3), (16), (37), and 1301(a)(3). The Fund is established and maintained pursuant to a Declaration of Trust and to Collective Bargaining Agreements between affiliated local unions of the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers'

International Association) and employers such as Leading Way Construction Co., Inc.  The NPF is administered at 8403 Arlington Boulevard, Suite 300, Fairfax, Virginia 22031.

2. Defendant Leading Way Construction Co., Inc. ("Leading Way" or "Company") is a corporation existing under Massachusetts law with its principal office located in Milton, Massachusetts.  At all relevant times, Leading Way has been an employer in an industry affecting commerce as defined in 29 U.S.C. § 142(1), (3), and 152(2); 29 U.S.C. § 1002(5), (9), (11) and (12); and 29 U.S.C. § 1001a.

## Jurisdiction and Venue

3. The Court has jurisdiction over this action under 29 U.S.C. §§ 1132, 1145 and 1451 because this is an action to collect withdrawal liability payments due to an employee benefit plan under the terms of the plan and the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  The Court also has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

4. Venue is proper in this district pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) because the NPF is administered in this district.

## Facts

5. Prior to November 30, 2015, Leading Way was obligated to contribute and contributed to the NPF on behalf of its employees pursuant to one or more Collective Bargaining Agreements with Sheet Metal Workers Local 17, a local union affiliated with the International Association of Sheet Metal, Air, Rail and Transportation Union (collectively "Collective Bargaining Agreement").  The Collective Bargaining Agreement established the terms and conditions of employment for the Company's employees covered by the Collective Bargaining Agreement.

6.     Pursuant to the Collective Bargaining Agreement, Leading Way agreed to be bound by the Trust Agreement establishing the NPF, including any amendments thereto and any policies and procedures adopted by the Board of Trustees ("Trust Document").

7.     The NPF determined that Leading Way had effected a complete withdrawal from the NPF, within the meaning of section 4203(b) of ERISA, 29 U.S.C. § 1383(b), on or about November 30, 2015.

8.     On March 1, 2019, the NPF sent a letter to the Company's current e-mail and physical address notifying the Company of the Fund's determination that Leading Way had experienced a complete withdrawal and, as a result, was subject to withdrawal liability in the lump sum amount of $151,894.36.  The letter provided an amortization schedule requiring 22 quarterly payments of $8,073.72 and one final payment of $266.67.  As stated in this letter, the first payment was due on April 1, 2019 and, thereafter, quarterly payments were due on the first day of the first month of each calendar quarter.

9.     The NPF did not receive the Company's April 1, 2019 payment.

10.    By letter dated April 10, 2019, the NPF notified Leading Way that its first installment payment was past due.  The letter provided that Defendant had 60 days in which to cure its non-payment and if it failed to do so, the entire sum of the Company's withdrawal liability would become immediately due and owing.

11.    Leading Way received the NPF's April 10, 2019 letter by way of e-mail, as evidenced by the Company's response e-mail.  The Fund did not receive any payment in response.

## Cause of Action

12.    Plaintiff realleges and incorporates Paragraphs 1 through 11 as if fully set forth.

13. Leading Way did not request review of any dispute with the NPF's assessment of withdrawal liability within the 90-day period for such requests as set forth in 29 U.S.C. § 1399(b)(2)(A) or at any time. The 90-day period for requesting review ended on May 30, 2019.

14. Because more than 61 days have passed since the expiration of the time for Defendant to request review of the NPF's determination as set forth in 29 U.S.C. § 1399(b)(2)(A), Defendant is in default as defined in 29 C.F.R. § 4219.31(c)(1).

15. By letter dated April 10, 2019, NPF notified Defendant that it was in default and demanded Defendant make immediate payment of its entire outstanding withdrawal liability with interest. The letter was delivered on April 10, 2019. To date, Defendant has not made any payments.

16. More than 60 days have passed since Defendant received the NPF's April 10, 2019 late payment notice, which failure was not cured, rendering Defendant also in default as defined in 29 U.S.C. § 1399(c)(5).

17. 29 U.S.C. § 1451(b) provides that any failure of an employer to make any withdrawal liability payment within the time prescribed by law shall be treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145, and provides for a right of action to collect same.

18. Furthermore, 29 U.S.C. § 1132 provides for civil enforcement of ERISA's provisions, including 29 U.S.C. § 1145. Specifically, 29 U.S.C. § 1132(g)(2) provides that, in any action to enforce 29 U.S.C. § 1145 in which a judgment in favor of a plan is awarded, the court shall award the plan the unpaid contributions, interest on same, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent of the unpaid contributions, reasonable attorneys'

fees and costs of the action, and such other legal and equitable relief as the court deems appropriate.

19. In addition, 29 U.S.C. § 1132(g)(2) provides that interest on unpaid contributions shall be determined using the rate provided in the plan. The Fund's Trust Document provides that the unpaid amounts due with respect to withdrawal liability shall be charged interest at a rate of 0.0205% compounded daily.

20. The Trust Document further provides that, in the event of default, an employer is liable to the Fund for costs and attorneys' fees incurred by the Fund from the date of the delinquency forward, as well as the greater of (1) interest on the delinquent withdrawal liability or (2) liquidated damages in the amount of 20% of the delinquent withdrawal liability.

21. Defendant failed to make the quarterly payment due to the Fund on April 1, 2019 under the payment schedule established in the NPF's March 1, 2019 letter, and Defendant did not cure that failure within 60 days of its receipt of the NPF's April 10, 2019 late payment notice. Defendant is, therefore, in default of the entire withdrawal liability assessment of $151,894.36.

22. Pursuant to 29 U.S.C. § 1132(g)(2) and the Trust Document, Defendant is also obligated to the Fund for interest on the entire unpaid withdrawal liability from the due date of the first missed payment to the date of payment at the rate of 0.0205% compounded daily.

23. Pursuant to 29 U.S.C. § 1132(g)(2) and the Trust Document, Defendant is also obligated to the Fund for liquidated damages in an amount equal to the greater of (1) interest on the delinquent withdrawal liability calculated as set forth in Paragraph 22, or (2) 20% of the delinquent withdrawal liability in the amount of $30,378.87.

**WHEREFORE**, Plaintiff prays relief against Defendant as follows:

A. Judgment in the principal amount of $151,894.36, representing the total outstanding withdrawal liability due from Defendant;

B. Interest assessed at the rate of 0.0205% compounded daily, from April 1, 2019 (the due date of the first payment that was not made) through and until the date of judgment;

C. Liquidated damages in an amount equal to the greater of interest on the delinquent withdrawal liability as set forth in paragraph B or 20% of the delinquent withdrawal liability in the amount of $30,378.87;

D. Post-judgment interest pursuant to 29 U.S.C. § 1961;

E. Costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

F. For such further legal and equitable relief as the Court may deem appropriate.

Respectfully submitted,

Dated: July 30, 2019          By:     ___/s/_____
                                       Rebecca W. Richardson (Bar No. 80855)
                                       **O'DONOGHUE & O'DONOGHUE LLP**
                                       5301 Wisconsin Avenue N.W, Suite 800
                                       Washington, D.C. 20015
                                       Telephone: (202) 362-0041
                                       Facsimile: (202) 362-2640
                                       rrichardson@odonoghuelaw.com

                                       *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 29 U.S.C. §§ 1132(h) and 1451(g), this 30th day of July, 2019 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC:TEGE
Room 4300
1111 Constitution Avenue
Washington, DC 20224

Attention: Employee Plans

Secretary of Labor
200 Constitution Ave., N.W.
Washington, DC  20210

Attention: Assistant Solicitor for
Plan Benefits Security

Pension Benefit Guaranty Corporation
1201 K Street, NW
Washington, DC 20005-4026

Attention: MEPD Insurance Programs Department

_____/s/_____
Rebecca W. Richardson

327495_1